Charles M. Hughes, J.
The defendants have made a motion seeking an order granting permission to the defendants to serve an amended answer setting forth as a complete defense an Ontario guest-host statute which prohibits the bringing of a lawsuit by a nonpaying passenger against the owner or operator of a motor vehicle.
The facts giving rise to this motion are undisputed. Briefly, all the parties to this action are Ontario residents. The action *993 was brought to recover money damages for personal injuries sustained by the infant plaintiff on or about June 15, 1963 as the result of a one-car accident which occurred in Jefferson County, State of New York. The action was commenced on February 20, 1964 by the service of a summons and complaint; thereafter an answer and demand for a bill of particulars was served on or about March 5, 1964, and the same was complied with on or about April 7, 1964. That at the time the accident took place, the infant was riding as a passenger in an automobile owned by the defendant Helen M. Henderson and operated by her son, the defendant Albert B. Henderson, when said automobile left the highway and struck a bridge. The case has been at issue on the Trial Calendar, Supreme Court, St. Lawrence County. The residence and domicile of all the parties to this action is in the Province of Ontario, Dominion of Canada. The vehicle in which the accident occurred was licensed and registered in the said Province. The trip involved in the accident originated in the Province of Ontario, Canada. The infant plaintiff here was invited as a passenger in said automobile in the City of Brock-ville, Province of Ontario, Dominion of Canada, for the purpose of a pleasure trip to the United States. All the above facts show that the parties were and are Ontario residents and that the vehicle was owned and registered there and that the guest-host relationship arose in Ontario and that the trip started there and was to end there.
It is the defendants’ position that under the decision of Babcock v. Jackson (12 N Y 2d 473) decided by the Court of Appeals May 9, 1963, this action should be governed by Ontario law which would bar recovery by the infant plaintiff herein against the defendants. It is the defendants’ position that as to the narrow ground of what law should govern the guest-host relationship, the law of the place where the contracts are qualitatively greater or more importantly numerous must govern and control the case. In the Babcock case (supra) the Court of Appeals in a reverse situation held that the Ontario statute would not bar a New York passenger from recovering from a New York driver in the New York court where the accident happened in Canada.
The conflict-of-laws doctrine enunciated in Babcock (supra) recognizes that we no longer mechanically turn to the common-law rule of lex loci delicti in tort cases. The courts now have adopted a rule of choice of law in a conflict situation which looks to reason and justice in its selection of which law is to apply and which fits the needs of today’s changing world where frequent travel is the rule, rather than the exception. (See Kilberg v. *994 Northeast Airlines, 9 N Y 2d 34; Mertz v. Mertz, 271 N. Y. 466; Babcock v. Jackson, supra.)
This case is one of first impression. Prior to the Babcock case, there is no question whatsoever but that the laws of the State of Few York would apply in this instance. If we are to accept the position of the defendants, it would require our courts to apply the Ontario law to accidents that occur in Few York State involving Ontario residents that are in transit in this State.
The most recent case is Dym v. Gordon (16 N Y 2d 120) which was decided July 9, 1965. That case involved two Few York State domiciliarles that were residing in the State of Colorado where the accident occurred. The court, in that case, held that the law of the place of the accident must govern. In that ease, the court made it clear that matters of insurance such as where the insurance policy is written, as well as whether someone may become a public charge, are not matters that are to be taken into consideration. The court in Dym v. Gordon (supra, p. 128) stated: “ Public Policy, per se plays no part in a choice of law problem.” In refusing to apply the laws of the State of New York and requiring that the law of the State of Colorado which has a “ guest statute ” must be applied, the court went on to say the following: “ The present decision presents no departure from the rule announced in Babcock; merely an example of its application. Eeither is it my intention to suggest that in all cases the rule depends on the existence of some relationship for its vitality, nor do I wish to imply that in all relationship cases the seat of the relationship should be paramount. Long ago it became apparent that due to improved methods of travel and communication, together with the increased mobility of the population in general, the old rule of lex loci no longer was a just rule in many cases. The rule announced in Babcock allows the courts the flexibility necessary to deal with those cases.”
The court held: “In our case there is no doubt that, because the parties were dwelling in Colorado and because the relationship was based there, the place of the occurrence of the accident with the other car was not ‘ entirely fortuitous. ’ Therefore, Colorado, concerned with the fate of all motorists on its highways, has the most significant contacts with the matter in controversy and the dominant interest in it. ’ ’
It must be borne in mind that a ear upon the highways of the State of Few York is subject to the laws of the State of Few York, both in its operation, its degree of maintenance and its right to be upon the highway. This court has no problem whatsoever in arriving at the conclusion that if this case merely *995 involved a property damage claim, the laws of the State of Hew York would be applicable, and, further, that if it involved some violation of the Vehicle and Traffic Laws of the State of Hew York also, the laws of this State would apply. In addition thereto, the method of gaining jurisdiction of the parties and the methods and procedures involved in the bringing of a lawsuit are governed by the procedures set forth in the CPLR promulgated by the Legislature of the State of Hew York. It must also be borne in mind that in communities located close to State lines or other countries, such as Canada, it is very common for people to travel in and out of both States or countries and that although the happening of an accident may be termed fortuitous, the place where the parties are when the accident happens may or may not be necessarily fortuitous.
The law is well established that in the State of Hew York the owner of a motor vehicle used on Hew York State highways with permission is liable for damages to a person injured as the result of any negligence by the operator. (See Vehicle and Traffic Law of the State of New York, § 388, former § 59.) That section provides substantially that every owner of a vehicle used or operated in this State shall be liable and responsible for death or injuries to the person or property resulting from negligence in the use or operation of such vehicle in the business of such owner or otherwise by any person using or operating the same with the permission, express or implied, of such owner. This section of the law is not limited to Hew York State residents, and, consequently, out-of-State owners and operators who elect to use the highways of our State subject themselves to this statute. The law makes no distinction between residents and nonresidents, people in transit or otherwise. The law does not provide for any exceptions. It does not permit defendants in the type of case before the court to plead the defense of a foreign guest statute which is in direct conflict with one of our statutes governing travel upon our highways in which we have a keen interest.
The court in Hinchey v. Sellers (7 N Y 2d 287, 296) held that “ It should also be noted that the accident occurred in Hew York, and since the liability of the insurer is, by force of our statute (Vehicle and Traffic Law, § 59 [now § 388]), deemed coextensive with the liability of the insured owner to third persons for injuries caused by those operating the vehicle with the said insured’s permission, the ultimate liability of the insurer depends upon a construction of New York law”. The case of White v. MVAIC (39 Misc 2d 678) although informative, did not involve the same identical question before this court. That *996 case involved an interpretation of the Motor Vehicle Accident Indemnification Law and the Ontario Fund Law as the same would be applied to an Ontario resident who was injured by an “ uninsured ” automobile in the State of New York.
The court, accordingly, denies the motion of the defendants to serve an amended answer.