■ STEPHANIE M. KELL, an Infant, by STANLEY V. KELL, Her Father, et al., Respondents, v. ALBERT B. HENDERSON et al., Appellants.—AULISI, J. Appellants moved for leave to amend their answer to plead the Ontario guest statute as an affirmative defense in this personal injury action arising out of an automobile accident which occurred in the State of New York. The incident involved residents and domiciliaries of Ontario, Canada. Special Term correctly denied the motion. In our view *Babcock* v. *Jackson* (12 N Y 2d 473) is inapplicable here because *Babcock* (*supra*) was not intended to and did not change the established law of the State of New York that a guest has a cause of action for personal injuries against a host in an accident occurring within this State whether those involved are residents or domiciliaries of this State or not. The very seriously injured plaintiff in this case could be prejudiced by the inclusion in the pleadings of this unwarranted affirmative defense. Order affirmed, with costs. Reynolds, J., concurs; Herlihy, J., concurs in a memorandum: I concur with the majority statement herein and would further affirm the order of Special Term upon the ground that allowing the defendant to plead this defense at this time would be prejudicial to the infant plaintiff herein. The matter of prejudice was not discussed by Special Term but is an element to be considered on a motion to amend a pleading. It appears that the original answer in this case was served by the defendants on or about March 5, 1964; the case was placed on the court calendar on April 7, 1964; it was reached for trial at the January 1965 Term but was put over the term because further medical treatment was indicated; that at the January 1965 Term a pretrial conference was had and a substantial offer was tendered by the defendants herein; that all necessary examinations before trial have been held herein prior to this motion; that the notice of motion to amend the pleading was dated March 23, 1965, *more than one year* after the service of the original answer by defendants' attorneys. A motion to amend a pleading is ordinarily granted, absent any prejudice to the opposing party, even if there has been a long delay and the relevant facts were known from the beginning. (See 3 Weinstein-Korn-Miller, pars. 3025.15, 3025.16; *Hirsch* v. *Flick*, 17 A D 2d 961.) However, where the granting of such a motion is prejudicial to the opposing party, the application should be denied. Prior to the notice of motion for permission to serve an amended answer, containing an affirmative defense of a guest statute in effect in the Province of Ontario, a substantial settlement offer had been tendered by the defendants. The infant could make no legal or binding decision, such settlement being subject to the approval of the court (see CPLR 1207), and her attorney, in reliance on the pleadings as thus constituted and the further fact that her physical condition was such that any settlement offer might be considered speculative, rejected the tender.

The courts of this State have always been concerned with the protection of the rights and interests of infants and under the existing circumstances, the amendment would be prejudicial to the rights of the infant plaintiff, particularly when the defendants were in a position to know the facts and law and to assert the same in the original pleading. (See *Jennings* v. *Perkins*, 277 App. Div. 1143; *Jones* v. *410 Pleasant Ave. Holding Corp.*, 280 App. Div. 774.) The granting of the motion would radically change the theory of the defendants to the detriment of the infant. The order should be affirmed. Gibson, P. J., and Taylor, J., dissent and vote to reverse the order and to grant the motion, in the following memorandum: In our view, leave to amend should have been " freely given " (CPLR 3025, subd. [b]) and the sufficiency and the merits of the defense reserved for determination on a proper motion or upon the trial. [47 Misc 2d 992.]