**Shelly Lynn STOKES, a minor b/n/f Dennis Stokes,**

v.

**SMOKY MOUNTAIN AERO, INC., and Cessna Aircraft Company.**

**Civ. No. 3–78–199.**

United States District Court, E. D. Tennessee, N. D.

Aug. 28, 1978.

678

Sidney W. Gilreath, Knoxville, Tenn., for plaintiff.

Foster D. Arnett, J. W. Baker, Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

█ Defendant, Smoky Mountain Aero, Inc., has moved to dismiss so much of plaintiff's complaint as charges defendant with vicarious liability for the alleged negligence of its employee, the pilot of the crashed airplane. The pilot was the hus-

band of the decedent in this case. Under Tennessee law, the plaintiff in a wrongful death action such as this acquires only those rights that the decedent would have had, had she survived. *Jones v. Black*, 539 S.W.2d 123 (Tenn.1976). Here the decedent would have been barred from any recovery from the pilot, had she survived, under Tennessee's rule of interspousal immunity. *Wooley v. Parker*, 222 Tenn. 104, 432 S.W.2d 882 (1968). Therefore, this wrongful death plaintiff would also be barred from recovery against the pilot. *Jones v. Black, supra.* If no action can be maintained against an employee for the employee's acts, Tennessee law also bars any actions against the employer based on vicarious liability or *respondeat superior, Smith v. Henson*, 214 Tenn. 541, 381 S.W.2d 892 (1964). Thus plaintiff cannot maintain a wrongful death action against Smoky Mountain Aero based on vicarious liability for the acts of its pilot.

Accordingly, it is ORDERED that defendant's motion to dismiss the complaint against Smoky Mountain Aero insofar as it is based on a theory of vicarious liability for its pilot's acts be, and the same hereby is, sustained for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

Order Accordingly.