## Richmond

GLENNA JENNINGS McMILLAN

v.

DAVID ALLEN McMILLAN

April 20, 1979

Record No. 771349.

Present: All the Justices.

*Carl E. McAfee (Cline, McAfee, Adkins & Gillenwater,* on brief), for appellant.

*Charles B. Flannagan, II (Woodward, Miles & Flannagan, P.C.,* on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

In resolving conflicts of laws, the settled rule in Virginia is that the substantive rights of the parties in a multistate tort action are governed by the law of the place of the wrong. *Maryland* v. *Coard,* 175 Va. 571, 580-81, 9 S.E.2d 454, 458 (1940). Today in an intra-family suit, we are invited to reject that lex loci delicti principle and to follow the so-called "modern trend" by applying the law of the domicile of the parties. We decline the invitation and reaffirm "the place of the wrong" rule.

Glenna Jennings McMillan was injured on December 26, 1975, while riding in an automobile which collided with a bridge in Hawkins County, Tennessee. The vehicle was operated by her husband, defendant David Allen McMillan. Subsequently, plaintiff instituted this suit in the court below charging that defendant negligently caused the accident and her injuries. The parties were

domiciled in Virginia both at the time of the accident and when this suit was filed.

■ In Tennessee, no right of action arises and no suit may be maintained for a tort committed during coverture by one spouse against the other. *Wooley* v. *Parker*, 222 Tenn. 104, 107, 432 S.W.2d 882, 883 (1968). *See Childress* v. *Childress*, 569 S.W.2d 816, 817 (Tenn. 1978). In Virginia, this common-law rule of interspousal immunity as it affects actions for personal injuries arising from motor vehicle accidents was abolished in *Surratt* v. *Thompson*, 212 Va. 191, 183 S.E.2d 200 (1971), and such actions may now be maintained in this state.

In the present case, the trial court, in an August 1977 order from which plaintiff appeals, sustained the husband's motion to dismiss. The court below, ruling that Tennessee law applied, decided that it was bound to follow the established Virginia rule that the law of the situs of the tort governs the substantive rights of the parties.

■ The plaintiff contends on appeal that Virginia should abandon the orthodox place-of-the-wrong rule in a case such as this and embrace a "modern" rule, which has been followed in a number of states and in recent years has been adopted by the American Law Institute. *See Restatement (Second) of Conflicts of Laws* §§ 145 & 169 (1971) [hereinafter cited as *Restatement*]; Annot., 29 A.L.R.3d 603, 622-52 (1970); Annot., 96 A.L.R.2d 973, 987-96 (1964). The advocates of this "modern" approach express dissatisfaction with the mechanical application of the place-of-the-wrong rule and impose a duty on the forum court to make an analytical examination of the facts of each case to determine what law should govern the parties' substantive rights. 29 A.L.R.3d at 622-23. While no definitive statement of this "modern" view can be made because of the many variants resulting from this case-by-case approach, the present Restatement rule is illustrative of the concept. This "center of gravity" or "grouping of contacts" theory provides:

(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6 [setting forth certain basic choice-of-law maxims].

(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

*Restatement, supra,* § 145.

▆ Urging us to adopt this concept, plaintiff argues that disabilities to sue and immunities from suit stemming from the family relationship are more appropriately determined by reference to the law of the state of the family domicile. She contends that "Virginia is clearly the state with the prevailing interest in this action, and therefore should apply its own law with respect to intra-family immunity." We disagree.

We recognize that there has been an increase in the number of jurisdictions which have adopted the contended-for "most significant relationship" test in personal injury actions. We also note that in the cases of this type involving intra-family disputes, the courts employing such theory usually apply the substantive tort law of the state of the domicile. *See Restatement, supra,* § 169. But after consideration of that concept as compared to our place-of-the-wrong rule, we have concluded to adhere to this court's former position on the question.

▆ Even though the "center of gravity" formula sets up a more flexible rule than the lex loci delicti concept, the components of the formula can be viewed differently from case to case thereby creating uncertainty and confusion in application of the theory. This inconsistency can be illustrated by comparing the leading torts case using such a theory, *Babcock v. Jackson,* 12 N.Y.2d 473, 191 N.E.2d 279, 240 N.Y.S.2d 743 (1963), with another New York case, *Kell v. Henderson,* 47 Misc. 2d 992, 263 N.Y.S.2d 647 (1965), *aff'd.,* 26 App. Div. 2d 595, 270 N.Y.S.2d 552 (1966). *See* R. Leflar, *American Conflicts Law* § 91, at 183, 184 (3rd ed. 1977).

In *Babcock,* an automobile guest sued her host in New York for injuries sustained in Ontario caused by the defendant's ordinary

negligence. Under New York law, the guest could recover for injuries caused by the host's lack of ordinary care, but the Ontario guest statute barred such a recovery. The court abandoned its adherence to the place-of-the-wrong rule and permitted recovery. It decided that, on the guest-host issue, New York had the "dominant contacts" because the parties were domiciled in New York, were on a trip which began in New York and was intended to end in New York, and were travelling in a vehicle registered and regularly garaged in New York. The court noted that Ontario had no connection with the cause of action except that the accident happened to take place there.

*Kell* presented the converse of *Babcock*. There, the question was also whether the New York ordinary negligence rule applied or whether the Ontario guest statute controlled. The guest was injured by the host's ordinary negligence while the parties, both residents of Ontario, were on a trip in New York which was to begin and end in Ontario. The New York court purported to follow *Babcock* but held that Ontario law would not apply. As Professor Leflar notes, while the case did not reach the New York Court of Appeals and "therefore was not conclusive, it indicates the manipulative possibilities that inhere in the *Babcock* approach." Leflar, *supra*, at 184.

Thus, we do not think that the uniformity, predictability, and ease of application of the Virginia rule should be abandoned in exchange for a concept which is so susceptible to inconstancy, particularly when, as here, the issue involves the substantive existence of a cause of action in tort.

Plaintiff also relies on *Hodgson* v. *Doe*, 203 Va. 938, 128 S.E.2d 444 (1962). But that case is not pertinent here. No conflict of laws question relating to substantive rights was involved in *Hodgson*. There, the injured party suing in Virginia on a Tennessee accident caused by an unknown motorist had certain contractual rights stemming from a Virginia automobile liability policy and the Virginia uninsured motorists statute. We held that the obligation assumed by the insurance company was not confined to accidents occurring in Virginia and that, for the purpose of venue, the action against the fictitious person, John Doe, was to be determined under the general venue statutes as if the action was against the insurer itself.

For the reasons assigned, we find no error in the action of the trial court. Consequently, the judgment in favor of the defendant will be

*Affirmed.*