927 F.2d 596
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Thomas J. O'BRIEN, Plaintiff-Appellant,
v.
COACHMAN INDUSTRIES, INCORPORATED, Defendant-Appellee,
and
Clippership Enterprises, Incorporated, Defendant.
 No. 90-2698.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 9, 1990.
Decided Feb. 25, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis, III, District Judge. (CA-89-1103-A)
 Thomas J. O'Brien, appellant pro se.
 Ralph Nicholas Boccarosse, Jr., Siciliano, Ellis, Dyer & Boccarosse, Fairfax, Va., for appellee.
 E.D.Va.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before SPROUSE, WILKINS and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Thomas J. O'Brien appeals from the district court's order granting defendant's motion for summary judgment in O'Brien's personal injury diversity action.[1]
 
 
 2
 O'Brien, a Virginia resident, was injured when he fell while attempting to enter an overhead bunk in a recreational vehicle ("RV") he had rented. The RV was not equipped with a ladder, so in order to reach the sleeping area O'Brien stood on the driver's seat, which was a reclining, swivel chair. The second time he attempted to enter the bunk the chair shifted under his weight and O'Brien fell to the floor. The accident occurred while O'Brien was vacationing in Alaska. O'Brien subsequently filed suit in the Eastern District of Virginia against the corporation which rented him the RV and the manufacturer, Coachman, alleging that the RV was defective in that it did not come equipped with a ladder to be used in entering the overhead sleeping area. Jurisdiction was based on diversity of citizenship. The renter was dismissed for lack of personal jurisdiction. Coachman moved for summary judgment on the basis of O'Brien's deposition and his responses to discovery. The district court granted Coachman's motion, holding that O'Brien had failed to provide sufficient evidence either of causation or of a duty on the part of Coachman which had been breached. O'Brien noticed a timely appeal.
 
 
 3
 This Court reviews a grant of summary judgment de novo, applying the same standards employed by the district court. Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1127-28 (4th Cir.1987). Summary judgment is proper only when it is clear that there is no genuine dispute concerning either the facts material to the controversy or the reasonable inferences to be drawn from those facts. Pulliam Inv. Co. v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir.1987). Nonetheless, summary judgment is mandated if, after an adequate discovery period, the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 4
 The allegations in the complaint support a claim for recovery under either of two theories available to O'Brien under Alaska law:[2] negligence and strict products liability. The complaint, coupled with O'Brien's statements to the court at the summary judgment hearing, give rise to two claims of where the problem with the RV lay: First, that the adjusting knobs on the chair were defective, and second, that the design of the RV was defective because it lacked a ladder.
 
 
 5
 The district court concluded that O'Brien had not made a sufficient showing to survive summary judgment under either theory of recovery and under either theory of where the defect lay. We affirm in part, vacate in part, and remand.
 
 The Negligence Claim
 
 6
 The essential elements of a negligence claim under Alaska law are (1) duty, (2) breach of that duty, (3) proximate cause, and (4) damages. Wickwire v. Arctic Circle Air Services, 722 P.2d 930, 932 (Alaska 1986). To survive summary judgment O'Brien was required to make a showing sufficient to establish the existence of each of these essential elements. Catrett, 477 U.S. at 322. While Catrett sets the standard for the sufficiency of the evidence, state law nonetheless determines what evidence the nonmoving party must adduce to meet that burden.
 
 
 7
 The district court properly granted summary judgment for Coachman on the theory that a defect within the chair itself was a proximate cause of O'Brien's injuries. O'Brien was able to produce only three documents evidencing repairs to the chair. He offered no proposed testimony, expert or otherwise, as to the condition of the knobs, whether they had broken under stress, or whether they were adequately designed and manufactured. Proximate causation is an essential element of O'Brien's claim of negligence; he failed to produce sufficiently probative evidence establishing that the adjusting knobs were a proximate cause of his injuries. Coachman was entitled to judgment on this claim.
 
 
 8
 Finding that O'Brien had not shown that a duty to provide a ladder existed, the district court granted summary judgment for Coachman on the theory that negligence lay in the failure to provide a ladder. The court based its ruling upon the absence of any regulatory or statutory requirement for a ladder and O'Brien's own admission that he had discovered that only two out of six RV's seen at a local lot had ladders. Coachman emphasized the lack of expert testimony on the duty question. We believe that in this type of case Alaska law does not require particularized testimony on the question of duty and that O'Brien met the minimal burden imposed.
 
 
 9
 In Lynden Transp., Inc. v. Haragan, 623 P.2d 789 (Alaska 1981), the plaintiff died from injuries he received when a truck trailer he was standing on collapsed. The case was submitted to the jury solely on evidence that the trailer's landing gear was "pretty rusty" and that the condition was readily visible. Id. at 793. On appeal, the defendant argued that plaintiff had failed to establish a duty owed by trailer owners since he had not introduced evidence of, among other things, how much rust was reasonable and had offered no expert testimony on whether any duty existed or had been breached. Id. Affirming the decision below, the Alaska Supreme Court stated "[d]etection and avoidance of rust, or the deleterious effects of rust on metal, is not a matter 'of such professional abstrusity that standards can be determined only with the aid of expert testimony.' " Id., quoting Northern Lights Motel, Inc. v. Sweaney, 561 P.2d 1176, 1192 (Alaska 1977) (plaintiff did not need to provide expert testimony concerning duty to provide smoke detectors or sprinklers in hotels since jury could determine appropriate standard of care).
 
 
 10
 We believe that Alaska courts allow the jury to determine the requisite duty where the issue does not require an understanding of complex, technical issues, and where the conduct complained of can have an obviously detrimental impact on public safety. The jury would need no technical knowledge to determine whether the average person could safely enter the bunk in the RV without a ladder. By a simple observation of the vehicle the jury can determine whether the distance is such that it can be safely traversed without additional assistance. If it is not, the jury can determine whether ordinary care would require that a ladder be provided. It is not clear, as a matter of law, that no such duty exists. The district court's grant of summary judgment on the claim that Coachman negligently failed to provide a ladder was erroneous.[3]
 
 Strict liability
 
 11
 Under Alaska law, in a cause of action for strict liability, the plaintiff must prove that a product is defective and that the defect in the product was the proximate cause of his injuries. Prince v. Parachutes, Inc., 685 P.2d 83, 89 (Alaska 1984). There are two tests for determining whether a product's design is defective.
 
 
 12
 [A] product is defectively designed if:
 
 
 13
 "(1) the plaintiff proves that the product failed to perform as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner, or (2) the plaintiff proves that the product's design proximately caused injury and the defendant fails to prove, in light of the relevant factors, that on balance the benefits of the challenged design outweigh the risk of danger inherent in such design."
 
 
 14
 Beck, 593 P.2d at 886, quoting Barker v. Lull Eng'g Co., Inc., 20 Cal.3d 413, 432, 573 P.2d 443, 452, 143 Cal.Rptr. 225, 234 (1978); Dura Corp. v. Harned, 703 P.2d 396, 405-06 (Alaska 1985). Under the second test, once the plaintiff has made a prima facie case by introducing evidence sufficient to permit a jury to find that the product's design features were a proximate cause of his injuries the burden of proof shifts to the defendant. Dura Corp., 703 P.2d at 406. The defendant may then either introduce evidence on the risk benefit analysis or refute causation. Id.
 
 
 15
 The plaintiff must also prove that the defect in the product was the proximate cause of plaintiff's injuries. Prince, 685 P.2d at 89. "It is not necessary that the plaintiff establish that the defect in the product was the sole proximate cause of injury. The issue of proximate cause is normally one for the trier of fact, and becomes a matter of law only where reasonable minds could not differ." Id. (citations omitted). The plaintiff's burden on this issue is a minimal one. In Prince, an inadequate warning case, the court reversed a grant of summary judgment for the defendant where plaintiff's only evidence on proximate cause was his own statement that he would not have used the defendant's parachute had he been adequately warned about its characteristics. Id. at 86. The court held that this was sufficient to go to the jury on the issue of proximate cause. Id. at 87-88.
 
 
 16
 To survive summary judgment under a strict products liability theory O'Brien would have to show that he used the chair in an intended or reasonably foreseeable fashion, that it failed to perform as safely as an ordinary or reasonable customer would have expected it to, and that his injuries were a proximate result of its failure to perform properly. Alternatively, he would have to show that the product's design proximately caused his injury.
 
 
 17
 To satisfy the foreseeable use requirement the plaintiff need only establish that the use of the product, viewed objectively, was either intended, or reasonably foreseeable. Lamer v. McKee Indus., Inc., 721 P.2d 611, 616 (Alaska 1986). Since a ladder was not provided, it was foreseeable that some other method of gaining access to the bunk would be used. Whether using the driver's seat was a reasonable method, as opposed to some other one, is a question for the jury since such use was not unreasonable as a matter of law.[4]
 
 
 18
 The next question is whether the product performed as safely as an ordinary consumer of the product would expect. Unlike in Lamer, the product here is not used by a specialized group of persons. Rental RVs are used by a variety of different people with no particular professional capabilities. It is sufficient for O'Brien to state that the RV did not perform as he expected; the jury can then determine whether his expectations were the same as those of the ordinary consumer of rental RVs. O'Brien would also have to prove causation, but it appears undisputed that he injured himself through the use of the chair. Under the first of the Beck strict products liability theories, a grant of summary judgment for the defendant was improper on a claim that the RV was defective because it lacked a ladder.[5]
 
 
 19
 In conclusion, the district court properly granted summary judgment to defendant Coachman on O'Brien's claim that Coachman negligently provided a chair with defective adjusting knobs. The grant of summary judgment on this theory is affirmed. Under Alaska law O'Brien made a sufficient showing to survive summary judgment under both negligence and strict liability theories on a claim that the RV was defective because it did not come equipped with a ladder. The grant of summary judgment on these theories is vacated. The case is remanded for further consideration in light of this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 20
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 [1]
 O'Brien proceeded pro se both at trial and on appeal
 
 
 [2]
 In a diversity case federal courts apply the choice of law rules of the state in which they sit. Moore v. Subaru of America, 891 F.2d 1445, 1448 (10th Cir.1989). In tort actions Virginia follows the rule of lex loci delicti, or place of the harm. McMillan v. McMillan, 219 Va. 1127, 1130, 253 S.E.2d 662, 663 (1979). Since O'Brien was injured in Alaska, Alaska law governs
 
 
 [3]
 Alaska has adopted pure comparative negligence in tort cases. Kaatz v. State, 540 P.2d 1037, 1049 (Alaska 1975). Under pure comparative negligence a plaintiff may recover even where he was himself 99% negligent, but his damages will be reduced accordingly. Assumption of the risk has been abolished as an affirmative defense in tort cases. Leavitt v. Gillaspie, 443 P.2d 61, 67-69 (Alaska 1968); Caterpillar Tractor Co. v. Beck, 593 P.2d 871, 888 (Alaska 1979). The question of whether O'Brien unreasonably encountered a known danger when he used the chair, and thus contributed to the cause of his injuries, is subsumed within the comparative negligence analysis. Beck, 593 P.2d at 888
 
 
 [4]
 O'Brien's actual subjective knowledge of the fact that the chair swiveled and reclined is irrelevant to the question of defect. See Lamer, 721 P.2d at 615. If a jury finds that O'Brien was aware that the nature of the chair made it dangerous, and yet proceeded unreasonably and voluntarily to encounter this known risk, it may reduce any damage award on the basis of his comparative negligence. However, it is irrelevant in terms of the reasonable foreseeability of such use by O'Brien. See id
 
 
 [5]
 Since we conclude that O'Brien made a sufficient showing to survive summary judgment under the first Beck test, we do not address whether he had made a sufficient showing under the second