**ESTATE OF Raheem Khalaf
SA'ADOON, et al.,
Plaintiffs,**

v.

**Erik PRINCE, et al., Defendants.**

**Case No. 1:09cv615.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Sept. 18, 2009.

Susan L. Burke, Burke Oneil LLC, Washington, DC, for Plaintiffs.

Peter Hugh White, Andrew Abbott Nicely, Mayer Brown LLP, Washington, DC, for Defendants.

## ORDER

T.S. ELLIS, III, District Judge.

This matter raises an often overlooked question concerning the power of federal courts to review and approve settlement agreements between private parties. Plaintiffs and one defendant in this case seek court review and approval of a settlement of plaintiffs' claims pursuant to Virginia's wrongful death statute, Va.Code §§ 8.01–50–8.01–56, despite the fact that the wrongful death occurred in Baghdad, Iraq.

### I.

Plaintiffs in this case are the widow and two surviving sons of Raheem Khalaf Sa'adoon, all Iraqi citizens, and Sa'adoon's estate. Prior to his death, Sa'adoon worked as a security guard for Iraqi Vice President Adel Abdul Mahdi. Defendants are (i) Erik Prince, (ii) a group of companies Prince allegedly owns and controls,[1]

---

1. These entities include Prince Group, EP In-  vestments LLC, Greystone, Total Intelligence,

and (iii) Andrew Moonen, a former independent contractor for Blackwater, as it was then known.[2] On December 24, 2006, Moonen attended a Christmas party allegedly also attended by several of his Blackwater colleagues. Plaintiffs claim that after Moonen had consumed an excessive amount of alcohol, he left the party in a state of visible intoxication, armed with his Blackwater-issued firearm. Moonen allegedly became lost and eventually came upon Sa'adoon, who was on guard duty at the time. According to the complaint, Moonen then pulled out his gun and shot Sa'adoon for no reason, killing him.

Plaintiffs allege that all defendants are liable for causing Sa'adoon's death. Specifically, they claim that Moonen is liable for shooting Sa'adoon, and the other defendants are liable for ordering, encouraging, or otherwise causing Moonen to do so. On these alleged facts, plaintiffs seek recovery under the Alien Tort Statute, 28 U.S.C. § 1350, and for various nonfederal claims, including wrongful death.

Recently, plaintiffs' counsel advised the Court that plaintiffs had settled all of their claims against defendant Moonen, and to consummate this settlement, the parties intended to seek this Court's review and approval of the settlement. To this end, plaintiffs on August 27, 2009 filed a motion for approval of settlement terms and a motion to join an additional plaintiff, whom

they represent is the duly certified administrator of Sa'adoon's estate.

## II.

Federal courts are not vested with a general power to review and approve settlements of suits between private parties. In this respect, the Third Circuit has noted that "[o]ur federal courts have neither the authority nor the resources to review and approve the settlement of every case brought in the federal court system." *Caplan v. Fellheimer Eichen Braverman & Kaskey*, 68 F.3d 828, 835 (3d Cir.1995) (holding that district court could not enjoin settlement agreement as requested by non-settling defendant). Indeed, some courts have perhaps overstated this point by noting that courts "need not and should not get involved" with settlements of suits between private parties. *United States v. City of Miami*, 614 F.2d 1322, 1330 (5th Cir.1980) (distinguishing case from "ordinary litigation" and upholding district court's review and approval of consent decree between local and federal governments in Title VII litigation); *Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1189 (8th Cir.1984) (concluding that district court lacked authority, *sua sponte*, to review, approve, and adopt settlement of tort claim between private parties).[3] It is fair to say, then, that federal courts as a general matter do not review and approve settlements of lawsuits between private par-

---

The Prince Group LLC, Xe, Blackwater Worldwide, Blackwater Lodge and Training Center, Blackwater Target Systems, Blackwater Security Consulting, and Raven Development Group. The complaint does not distinguish among the various defendant entities; indeed, plaintiffs argue that Prince "created this web of companies in order to obscure the extent of his criminality." Pl.'s Resp. in Opp'n to Def's Mot. to Dism. at 15.

2. The company formerly known as Blackwater now operates under the name Xe Services.

3. It is clear from the facts of *City of Miami* and *Gardiner* that, in stating that "courts need not and should not get involved" with settlements of suits between private parties, neither court intended to discourage the routine and typical role judges play in promoting and encouraging settlement, or the necessary role courts play in reviewing and approving settlements pursuant to statute or Rule in an appropriate case.

ties. There are, however, a number of exceptions to this general rule, both by statute and by Rule. For example, courts review and approve settlements of class action suits (Rule 23(e), Fed.R.Civ.P.), False Claims Act cases (31 U.S.C. § 3730(b)(1)), shareholder derivative suits (Rule 23.1, Fed.R.Civ.P.), bankruptcy claims (Rule 4001(d)(4), Fed. R. Bankr.P.), and claims involving parties who are incompetent or otherwise lack the capacity to waive rights knowingly and intelligently. Particularly pertinent here is that a number of states, including Virginia, require court approval for settlement of state law wrongful death claims. *See, e.g., Va.Code* § 8.01–55. In sum, although federal courts are not generally authorized to review and approve settlements of suits between private parties, settlements of wrongful death claims brought under the Virginia wrongful death statute are an exception to this general rule. The question presented here, therefore, is whether, as plaintiffs and defendant Moonen contend, the authority conferred by Virginia Code § 8.01–55 extends to plaintiffs' wrongful death claims in this case.[4] Put another way, the question is whether plaintiffs' wrongful death claim is governed by Virginia law.

### III.

██ Virginia's wrongful death statute provides that the personal representative of a decedent may settle a wrongful death claim "with the approval of the court in which the action was brought." Va.Code § 8.01–55. It is pellucidly clear from the language of this provision that it applies only to claims "arising under or by virtue of" the Virginia act. *Id.*; *see Forman v. Mains*, 1992 WL 884498 (Va.Cir.Ct. Feb. 13, 1992) (concluding that state court lacked jurisdiction to approve wrongful

death settlement under § 8.01–55 because claim was brought under New York wrongful death statute); *see also Miller v. Charles E. Smith Management, Inc.*, 172 F.3d 863 (4th Cir.1999) (applying § 8.01–50 to wrongful death claim brought in federal court). Accordingly, if there is no claim for relief under the Virginia wrongful death statute, then § 8.01–55 does not apply. Because plaintiffs in this case have not alleged a claim governed by § 8.01–50, the statute's settlement approval provision does not apply here.

██ It is well-settled Virginia law that the traditional principle of *lex loci delicti* applies in tort claims. *See McMillan v. McMillan*, 219 Va. 1127, 253 S.E.2d 662, 663 (1979) (citing *Maryland v. Coard*, 175 Va. 571, 9 S.E.2d 454, 458 (1940)) ("[T]he settled rule in Virginia is that the substantive rights of the parties in a multistate tort action are governed by the law of the place of the wrong"). More specifically, it is well-established that the Virginia wrongful death statute does not have extraterritorial application. *See Sherley v. Lotz*, 200 Va. 173, 104 S.E.2d 795, 798 (1958); *Coard*, 9 S.E.2d at 458. Accordingly, only if the "last event necessary" to create liability occurred in Virginia will the Virginia wrongful death statute apply in this case. *See Quillen v. Int'l Playtex*, 789 F.2d 1041, 1044 (4th Cir.1986); *AvalonBay Communities, Inc. v. Willden*, 2009 WL 2431571, slip op. at n. 5 (E.D.Va. Aug. 7, 2009); *Restatement (First) of Conflict of Laws* § 377 (1934).

Yet, plaintiffs do not allege that Moonen committed a single wrongful act in Virginia, let alone the last act necessary to cause a death in Iraq. Instead, plaintiffs and defendant Moonen argue (i) that they have agreed that the law of Virginia gov-

---

**4.** It is clear that § 8.01–55 is the only source from which authority to review and approve

the settlement at issue could derive, and none of the parties suggest otherwise.

erns their settlement agreement, and (ii) that by virtue of this agreement, the Court is empowered under § 8.01–55 to approve their settlement. This argument is unpersuasive. Section 8.01–55, by its clear terms, requires that a wrongful death claim arise under the Virginia statute, and the parties do not cite a single case to support the notion that they may retroactively choose Virginia law to govern a wrongful death claim which arose before any contract existed.[5] Indeed, courts applying Virginia law give effect to choice of law clauses only insofar as they cover contract claims and "contract-related tort claims such as fraudulent inducement" which arise directly out of the contract. *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 628 (4th Cir.1999); *White v. Potocska*, 589 F.Supp.2d 631, 641 (E.D.Va. 2008). Yet, the claims at issue here clearly did not arise from the contract; they arise instead from the alleged shooting, which occurred well before the parties reached their settlement. Accordingly, the agreement between the parties does not retroactively create a wrongful death claim "arising under" the law of Virginia.

In sum, it is clear that the Virginia wrongful death statute requires that a claim exist under the statute in order for the settlement approval provision to apply. Plaintiffs have failed to state any such claim. Accordingly, the Virginia statute does not confer authority to review and approve the settlement between the parties to this case. Moreover, plaintiffs indicate that they seek joinder of the personal representative solely in order to comply with the settlement requirements of § 8.01–55. Because those requirements do not apply here, that motion should be denied as well.

Accordingly, and for good cause,

It is hereby **ORDERED** that plaintiffs' motion for approval of settlement terms (Docket No. 65) is **DENIED.**

It is further **ORDERED** that plaintiffs' motion to join an additional party (Docket No. 63) is **DENIED.**

---

**5.** Indeed, allowing parties to select the applicable law governing tort claims retroactively would undermine tort law's important purpose of "laying down rules of conduct to regulate liability for injuries that attend living together in society." *Daniels v. Williams*, 474 U.S. 327, 332, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) (construing constitutional preemption of tort claims narrowly because of state law's important conduct-regulating role).