HALEY *v.* MOBILE AND OHIO RAILROAD CO. *et al.*

1. RAILROAD CORPORATION. *Damages.* Under Code, sec. 2291, which provides that the right of action which a person who dies from injuries received would have had, had death not ensued, shall pass to his personal representative; the right of action with all its incidents passes to the personal representative, and must be treated as if the injured party had brought it.

    Code cited: Sec. 2291.

2. SAME. *Same.* A corporation is as liable for vindictive damages for the wrongful acts of its servants or agents as natural persons.

3. SAME. *Same.* Under the section of the Code above cited (2291), if fraud, malice, gross negligence or oppression existed on the part of the wrongdoer, exemplary damages may be recovered by the personal representative whether the injury to the deceased caused instantaneous death or not.

4. SAME. *Same.* The directions of sec. 1166 of the Code for the prevention of accidents on railroads, do not apply to the running of engines and cars about the depots and yards of railroad companies, and in relation to the hands and employees of the companies, who are mov-

ing about or across the tracks in the performance of their several duties.

Code cited:   Sec. 1166.

Case cited:   L. & N. R. R. Co. v. Mary Robinson, 9 Heis., 276.

FROM GIBSON.

Appeal from the Law Court.   G. B. BLACK, Judge.

ALEX. W. CAMPBELL for complainant.

McFARLAND and HEALE & WILLIAMSON for defendant.

DEADERICK, J., delivered the opinion of the court.

In June, 1871, plaintiff instituted his suit in the Law Court of Memphis against defendants.

The action was brought to recover damages from defendants, on the ground that the death of intestate was caused by the wrongful acts of defendants, under the provisions of the Code, secs. 2291-2.

On the — day of November, 1870, intestate being an employee of defendants, was crushed and instantly killed by a train of cars of defendants, in their yard at Humboldt.

At the time intestate was killed an engineer of defendants was transferring three sleeping cars from the Mobile and Ohio Railroad to the Memphis and Louisville Railroad, around a switch or horn, on the East side of the crossing of said roads.   The engine was behind the sleeping cars pushing them towards the Memphis and Louisville Road at the rate of about

Haley *v.* Mobile and Ohio Railroad.

six miles an hour. A man was on the lookout on the front of the foremost moving coach. There was no communication by bell rope from this car with the engine, nor could any signal have been seen from said car by the engineer, owing to the acuteness of the curve. This horn or curve was around and near to the depot platform, so near that the sleeping cars in passing around often touched it, although freight cars could pass it without danger to a person standing between the platform and the cars. The whistle was blown in starting the cars around the curve, and the bell was rung all the way around. The man upon the lookout on the front car saw intestate on the track and warned him. He passed towards the platform and leaned against it to let the train pass, and the front car crushed him in passing. He had time to have avoided the danger, and could have escaped, stepping off in a different direction, or by stooping below the platform after he reached it.

The jury, under the charge of the court, rendered a verdict in favor of plaintiff for five dollars, and the court refusing a new trial, the plaintiff has appealed in error to this court.

The plaintiff in error insists that the Circuit Judge erred in certain instructions given to the jury, and also in refusing to charge as requested by him.

The judge instructed the jury that if plaintiff's intestate "was killed by defendants, and died instantly, no vindictive or examplary damages in this case could be recovered by plaintiff."

There is much conflict in the holdings of the courts

16—VOL. 7.

of the different states where statutes similar to ours have been passed as to the kinds of damages recoverable by the representative of the deceased.

In Massachusetts exemplary damages are expressly disallowed by the terms of the act allowing the right of action.

In other States the amount recoverable is restricted by the acts authorizing the action.

In most of the states where the action has been authorized by statutes, the damages are confined by the terms or construction of the acts to compensation for the pecuniary loss.

Our statute provides that the right of action which a person, who dies from injuries received, would have had, had death not ensued, shall pass to his personal representative.   Code, sec. 2291.

The right of action with all its incidents passes to the personal representative, and must be treated as if the injured party had brought it.

In Connecticut, where an act provides that "actions for injuries to the person, whether the same do or do not result in death, shall survive to the executor or administrator," exemplary damages are allowed. Sedg. on Dam., 552, note 2, citing 29 Conn., 496.

The terms of the Connecticutt act are very nearly like ours.   The meaning in both is, that the right of action, which the deceased would have had, passes to his personal representative, and in Connecticut it has been held that this includes the right, in a proper case, to recover exemplary damages.

In cases of fraud, malice, gross negligence or op-

pression, the law permits the jury to give vindictive or exemplary damages, and such damages, when warranted by the facts of the case, may be recovered from a railroad company or other corporation for the acts of its agents or servants (as well as from a natural person) while in the management of the business of the corporation.

The question of the liability of a railroad company for exemplary damages for the misconduct of its servants, has been recently very elaborately discussed in the case of *Goddard* v. *Grand Trunk Railway Company*, 2 Am. R., 39. Numerous cases are cited maintaining the liability of the corporation for the wrongful acts of its agents and servants, engaged in its business, and declaring the liability of the corporation for vindictive damages, as natural persons are liable.

The court declares in that case, that there is no class of cases where the doctrine of exemplary damages can be more beneficially applied than in the case of railroad corporations, in their capacity of common carriers of passengers.

We are of opinion that the charge of the court complained of was erroneous as given, and if the elements of fraud, malice, gross negligence or oppression existed in the case, whether death was instantaneous or not, exemplary damages might be recovered.

The plaintiff in error requested the court to instruct the jury that it would be negligence on the part of the defendants, if, in running their train of cars in the town of Humboldt, the engine or motive power being in the rear and pushing the cars, they failed

to have communication between the person on the front car and the person on the engine, or the engineer. This the court refused to charge.

Sec. 1166 of the Code prescribes certain precautions to be observed by railroad companies in order to prevent accidents. Among these is the requirement that the engineer, fireman or other person on the locomotive, shall be kept always on the lookout ahead, and whenever any person or other obstruction appears upon the road, the alarm whistle shall be sounded, the brakes put down, and every possible means employed to stop the train and prevent an accident. This and other direction of the statute in sec. 1166 of Code for the prevention of accidents, has been held by this court, in the unreported case of the *Louisville and Nashville Railroad Company* v. *Mary Robinson, Adm'x,* not to apply to the running of engines and cars about the depots and yards of the railroad companies, and in relation to the hands or employees of the companies who are moving about or across the tracks in the performance of their several duties.

A man was on the lookout, and personally warned the deceased to leave the track on the approach of the train. He had ample time to do so, and to avoid all danger if he had gone in the opposite direction from that taken by him. But he, supposing that the cars could pass him without injury, placed himself between the platform of the depot and the track, and thus lost his life.

We are of opinion that the placing of a man on the front car to give warning, and the warning actually

given in time for escape, in this case was sufficient and reasonable precaution against accidents, and in their own yard and in relation to their own employee, who is presumed to have been familiar with the custom and habit of the other employees, of switching off cars from one track to another, does not present a case in which the plaintiff in error can be required to adopt the precautions prescribed in Code, sec. 1166, to prevent accidents.

The refusal to give the charge requested was proper. And while we hold that the charge in relation to vindictive damages was an error, yet we can see that the plaintiff was not prejudiced thereby. There was no evidence in the record to which it could apply. The jury manifestly negatived in their verdict the existence of any facts which could justify the finding of vindictive damages, as they did not give even compensatory damages, but returned a verdict for nominal damages of five dollars.

We do not think a new trial should be granted, and affirm the judgment.