Malvin L. Brown, Administrator of Estate of Ruth Ellen Selby, Deceased,

*v.*

O. L. Selby.

(*Nashville,* December Term, 1959.)

Opinion filed February 5, 1960.

JIM CAMP, SCOTT CAMP and LUCIUS H. CAMP, Sparta, for plaintiff in error.

S. G. BUTLER, Sparta, WESLEY P. FLATT, SR., MADDUX, CAMERON & POTEET, Cookeville, for defendant in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

Since this case is here on appeal from the action of the Circuit Court in sustaining the demurrer of Odie L. Selby to the declaration of Malvin L. Brown, Administrator of the Estate of Ruth Ellen Selby, the allegations of the declaration must be regarded as the facts of the case.

Ruth Ellen Selby was granted an absolute divorce from Odie L. Selby, the defendant-in-error here. She was awarded the custody of their two children, ages seven and fifteen years, respectively. Odie L. Selby, their father, was granted the privilege of having them

with him during school vacation and of reasonable visitation conditioned upon "remaining orderly and sober". Injunctions prohibiting him from molesting, etc. Mrs. Selby after the divorce decree, attachments for the violation thereof, were had. Notwithstanding this, the two met one day in the town of Sparta, had a "rather heated" conversation while she was with the sheriff, and then parted.

Within minutes, perhaps, thereafter Selby again met Mrs. Selby on the street. He was armed this time with a shotgun. He engaged her in a brief conversation. She began to flee, at the same time calling for help. Thereupon, he, to use the language of the declaration,

> "* * * without reason or excuse, and at a time when no assault was being made upon him, shot the deceased in the back with a shotgun, knocking her to the sidewalk or pavement, and thereafter approached closer to her and, while she was lying on the ground or pavement in a seriously wounded and dying condition, discharged the gun into her person twice more, thus executing his predetermined, malicious intent to unlawfully take the life of plaintiff's intestate, all of which wanton, reckless, careless, malicious premeditated and of the defendant's malice, hatred and ill-will."

The brief of plaintiff-in-error in this Court alleges that this Court subsequently affirmed a judgment of the Circuit Court convicting this ex-husband of first degree murder with punishment fixed at ninety-nine years in the penitentiary. While there is no allegation to this effect in the declaration which was filed before Selby was brought to trial for murder, as the declaration shows, nevertheless, the above quoted allegations of fact in the

declaration amount in law to murder in the first degree of the mother of these two children. This action against Selby for the murder of his divorced wife is sought to be maintained by the administrator of Mrs. Selby's estate for the recovery of damages for the use and benefit of Mrs. Selby's said two children. They are her next of kin.

The action is sought to be justified by Section 20-607, T.C.A., providing, in so far as pertinent, viz.:

"The right of action which a person * * *, whose death is caused by the wrongful * * * killing by another, would have had against the wrongdoer, in case death had not ensued * * * shall pass * * * to his next of kin; or to his personal representative, for the benefit of his * * next of kin".

Since Mrs. Selby's next of kin, her two aforesaid children, are likewise the children of her ex-husband, who murdered her, it follows that any recovery which the administrator might have from this ex-husband in this action would pass to his two minor children. Based upon that fact, the father of these children demurred to the declaration on the ground that

"such an action may not be maintained in a court of law in this jurisdiction for the reason that minors may not maintain a tort action against their parent either directly or indirectly."

■ This insistence is predicated upon the common law rule that a minor may not maintain an action of tort against its father. *McKelvey v. McKelvey,* 111 Tenn. 388, 77 S.W. 664, 64 L.R.A. 991; *Ownby v. Kleyhammer,* 194 Tenn. 109, 250 S.W.2d 37. The action of the Trial Court in sustaining the demurrer resulted in this appeal by the administrator.

■ The mother of these two children, had she lived, had the legal right to maintain this action against Selby for his murderous acts inflicted upon her, because she was not his wife.

In *Haley v. Mobile & O. Railroad,* 66 Tenn. 239, 243, the injured party died and an action was brought under this Section 20-607, T.C.A., then Code Section 2291, by the personal representative. The Court, on a question pertinent to its decision, held this:

"The right of action with all its incidents passes to the personal representative, and must be treated as if the injured party had brought it."

*Wilson v. Barton,* 153 Tenn. 250, 254, 283 S.W. 71, 72, also construes this statute. Its holding is that:

"The action continues to be the right of action which could have been prosecuted by the deceased."

It further holds any recovery had in the case passes to the beneficiaries named in the statute not in their own right

"but because it passes to them in the right of the deceased. The statutes give but one right of action—that of the deceased surviving to the benefit of the next of kin, etc."

*Black v. Roberts,* 172 Tenn. 20, 22, 108 S.W.2d 1097, 1098, holds that the cause of action brought under this statute is "dependent alone upon it".

This Court again ruled upon the meaning of this statute as late as April of 1958 in the case of *Memphis Street Railway Company v. Cooper,* 203 Tenn. 425, 313 S.W.2d 444, 447. There the Court said that the right of action given under this statute

"was that of the dead man and the right which he would have possessed if he had lived and the recovery is in his right, not in the right of the widow or children or brothers."

█ If the right of action here asserted is the right of the dead mother, as it is, rather than the right of her children, and if the recovery is in her right, as it is, it would be making a fetish, in this Court's opinion, of the common law rule to hold that her right of action could not be maintained because under the circumstances existing in this case an "incident" of the recovery had in her right is that her recovery passes to her children.

The decision in *Munsert v. Farmers Mutual Automobile Insurance Company,* a Wisconsin case reported in 229 Wis. 581, 281 N.W. 671, 119 A.L.R. 1390, as this Court construes that decision, is this:—An unemancipated minor was killed by the wrongful act of his unemancipated minor brother. The two brothers lived with their parents as a part of one family. The Court held that the law permitted a minor to maintain an action against his brother for injuries wrongfully inflicted though the two lived with their parents as one family. Under the wrongful death statute in Wisconsin the recovery in the case under consideration went to the parents of the dead minor. Under the common law rule of that state a parent could not maintain an action against its minor child. The wrongful death statute of that state (W.S.A. 331.03) is in language substantially the same in effect as the Tennessee wrongful death statute.

The question, therefore, was whether under the Wisconsin wrongful death statute the administrator could

maintain this action against the minor son who wrongfully killed his minor brother, in view of the fact that the recovery passed to the parents. The Court, in holding that such action would be maintained, said this:

"However, it may be as to other actions in tort, we hold that under the death by wrongful act statute the instant action which is under that statute might have been maintained by the parents directly. Consideration of the language of the statute and its correlative statute brings us to that view." 229 Wis. 581, 281 N.W. 671, 673, 119 A.L.R. 1390, 1393.

Regardless of whether this Court correctly construes this Wisconsin case, it remains of the opinion that under the decisions of this Court, and hereinbefore mentioned and quoted, the personal representative of the mother in this case had the legal right to maintain this suit, though, as an incident thereof, the recovery had in the right of the mother passed to her children. This holding is not to be confused with that in which a husband murdered his wife. In that situation, it is held in this State that the personal representative cannot maintain the cause of action because the wife, and because she was such, had she lived, had no cause of action. The mother in this case was not the wife of the murderer.

██ The common law personal immunity rule which protects a father from a tort action by his minor child is based solely upon the public policy of preserving domestic peace and tranquility in the family. The idea is, as expressed in *McKelvey v. McKelvey,* 111 Tenn. 388, 390, 77 S.W. 664, 64 L.R.A. 991:

"The peace of society, and of the families composing society, and of a sound public policy designated to subserve the repose of families and the best interest of society, forbid"

such tort action.

In the instant case this father has destroyed the domestic peace and tranquility of the family. He has forfeited his right to the custody of these children, and has murdered their mother to whom their custody was awarded. The repose of that family cannot be subserved by forbidding this action against him for his wrong. In this case, therefore, the reason for the common law rule does not exist. Where the reason fails the rule should not apply. As well stated in *Kaczorowski v. Kalkosinski,* a Pennsylvania case reported in 321 Pa. 438, 184 A. 663, 666, 104 A.L.R. 1267, 1271:

"It would be an unjust and harsh law which would narrow the scope of the statutory death action merely because of a rule, the reasons for which are nonexistent."

For this additional reason, this Court is of the opinion that the administrator of Mrs. Selby can legally maintain this suit, notwithstanding that the recovery will pass to her children under our wrongful death statute.

For the reasons stated, the judgment of the Court sustaining the demurrer is reversed. The demurrer will be overruled. The cause will be remanded for entry of such order and further proceedings in accordance therewith. All costs of this appeal will be adjudged against the defendant-in-error. Adjudication of costs in the Trial Court will await final results there.