SAMMY BRANSON HANCE, by next friend, George A. Hance, Plaintiff in Error,

*v.*

DAN JACKSON HAUN, Defendant in Error.

391 S.W.2d 621.

(*Knoxville,* September Term, 1964.)

(May Session, 1965.)

Opinion filed June 2, 1965.

Hugh F. LaRue, III, Flynn & Flynn, Knoxville, for plaintiff in error.

Ray L. Jenkins, Knoxville, for defendant in error.

Mr. Justice White delivered the opinion of the Court.

The trial court sustained a demurrer to the declaration and dismissed this case. From that action plaintiff in error is here contending that the court committed error.

The declaration charged that the defendant in error wrongfully and unlawfully caused the death of his wife, Doris Hance Haun, on December 15, 1962, by shooting her with a pistol. From the wound caused thereby, she died shortly.

From the declaration it appears that the plaintiff in error is the sole surviving child, next of kin, and only heir of his mother, Doris Hance Haun.

The declaration charges further that the plaintiff is entitled to recover the pecuniary value of the life of his mother and also to recover for the pain suffered and mental anguish experienced by her from said fatal shooting prior to her death. The sum of $50,000.00 as compensatory and punitive damages is sought in the declaration.

Although the mother of the plaintiff in error and the defendant in error Haun were lawfully and legally married, the plaintiff in error is not the son of the defendant in error. In other words, plaintiff is a stepson of Haun.

To the declaration the defendant in error filed a demurrer, the substance of which is that the plaintiff's declaration fails to state a cause of action against the defendant in that no cause of action exists for torts committed by one spouse against the other during coverture, and, this being true, her son has no derivative cause of action under our Wrongful Death Statute, T.C.A. sec. 20-607.

As indicated aforesaid, this demurrer was sustained and the suit was dismissed.

The brief and argument in support of the assignment of error aforesaid refers to T.C.A. sec. 20-607, which provides, in part:

"The right of action which a person, who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by his death, but shall pass to * * * his children or to his next of kin * * *."

Admittedly, the plaintiff in error is the child and the next of kin of his deceased mother. The question for determination in this case is whether he has a cause of action for damages against his stepfather for the wrongful death of his mother. The established law of this State has been that such child or next of kin, etc., shall have such cause of action only if the deceased person would have had a cause of action against the wrongdoer had she lived.

The defendant in error relies upon the case of *Wilson v. Barton,* 153 Tenn. 250, 283 S.W. 71 (1925), as authority for the proposition that no right of action survives to the plaintiff in error in this case. In *Wilson v. Barton* the administrator of the Estate of Daisy Barton sued to recover damages for her death, alleging that she had been unlawfully assaulted and killed by her husband. The action was abated.

In the case of *Brown v. Selby,* 206 Tenn. 71, 332 S.W.2d 166 (1960), the administrator of the Estate of Ruth Selby brought suit for damages charging that the defend-

ant murdered Ruth Selby. In this case the Selbys were divorced at the time of the infliction of the injuries upon Mrs. Selby from which she later died. From the action of the trial court in sustaining a demurrer, this Court reversed and distinguished the *Wilson v. Barton* case, and other cases of similar import.

It has been held repeatedly in this State that there existed no right of action under the common law by one spouse against another for torts committed during coverture. *Lillienkamp v. Rippetoe,* 133 Tenn. 57, 179 S.W. 628, L.R.A.1916B, 881 (1915); *Tobin v. Gelrich,* 162 Tenn. 96, 34 S.W.2d 1058 (1931).

In the Wilson case it was stated:

"The action continues to be the right of action which could have been prosecuted by the deceased." 153 Tenn. at 254, 283 S.W. at 72.

It is admitted that had Mrs. Haun survived the shooting she would have had no cause of action against her husband for damages for such tortious injuries.

It is argued here that Tennessee should adopt the minority rule that the Married Woman's Act changes the common law rule and makes it possible for a wife to sue her husband for tort. This Court has always adhered to the rule that we should not construe said Act as abrogating an established common law doctrine unless the legislative intent to make such a change in the law was explicitly stated. *Wilson v. Barton,* supra; *Tobin v. Gelrich,* supra.

In *Prince v. Prince,* 205 Tenn. 451, 326 S.W.2d 908 (1959), the question was presented as to whether Mrs. Prince could maintain an action against her husband for

injuries resulting from his alleged negligence in driving in Tennessee an automobile in which she was riding; or, if ordinarily she could not maintain such action, may she nevertheless do so because her husband had a liability insurance policy for an amount in excess of that for which she brought suit. The Court reaffirmed the well established rule in this State that she could not maintain the suit because of the common law immunity.

Since the right of action did not exist at the common law, and since we have held that our Married Woman's Emancipation Statute, carried as T.C.A. sec. 36-601, did not abrogate the common law rule against suits by one spouse against the other, we are not clothed with the authority to create a cause of action where none existed at the common law. As said in the recent case of *Rush v. Great American Ins. Co.* 213 Tenn. 506 376 S.W.2d 454 (1964), the courts will not run a race of opinions with the Legislature to create a new action which was unknown at the common law.

Reverting to *Brown v. Selby,* supra, that case, at page 75, reviewed a number of our prior decisions and quoted from *Haley v. Mobile & O. Railroad,* 66 Tenn. 239, 243, as follows:

"The right of action with all its incidents passes to the personal representative, and must be treated as if the *injured party* had brought it." (Emphasis supplied).

And, the case of *Wilson v. Barton,* supra, was also quoted as having held as indicated above that:

"The action continues to be the right of action which *could have been prosecuted by the deceased.*

\* \* \* \* \* \*

"The statutes give but one right of action—*that of the deceased* surviving to the benefit of the next of kin, etc." (Emphasis supplied).

*Black v. Roberts,* 172 Tenn. 20, 22, 108 S.W.2d 1097, 1098 (1937), held that the cause of action brought under this statute, Wrongful Death Statute, is "dependent alone upon it."

Again, in the case of *Memphis St. Ry. Co. v. Cooper,* 203 Tenn. 425, 313 S.W.2d 444 (1958), approved in *Brown v. Selby,* supra, it was held that the right of action given under this statute

"* * * was that of the dead man and the right which he would have possessed if he had lived and the recovery is in his right, not in the right of widow or children or brothers."

It is quite plain then that the right of the plaintiff in this case to recover against his stepfather is derivative only as coming to him through the right of his mother to have prosecuted a claim for damages against her husband. Since the law of this State does not permit one spouse to sue the other for tort during coverture, she had no right of action which could pass to her next of kin.

The plaintiff in error concedes here that if the holding in *Wilson v. Barton* is followed, then the demurrer was properly sustained. He relies upon some of the language employed in *Logan v. Reaves,* 209 Tenn. 631, 354 S.W.2d 789 (1962), as possible authority for his position, but says quite frankly that the facts of that case are unlike those in the case at bar. With this conclusion we agree and we think that the Logan case is readily and easily

distinguishable from the instant case, but it does approve the holding in *Wilson v. Barton.*

We feel that we are bound to adhere to our former holdings construing the Wrongful Death Statute to the effect that it simply does not extend the benefit of the right to sue to the plaintiff in this case.

For the foregoing reasons, the judgment below is affirmed.

BURNETT, CHIEF JUSTICE, and DYER, HOLMES and CHATTIN, JUSTICES, concur.