Christine Ann WILSON, by mother and
next friend, Carolyn Ann WILSON,
Plaintiff-Appellant,

v.

Richard L. WILSON,
Defendant-Appellee.

No. 82–5753.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 12, 1984.

Decided Sept. 10, 1984.

Stephen P. Parsons (argued), Stophel,
Caldwell & Heggie, Jan Tore Hall, Chatta-
nooga, Tenn., for plaintiff-appellant.

Harry Berke (argued), Berke, Berke &
Berke, Chattanooga, Tenn., for defendant-
appellee.

Before EDWARDS and KENNEDY, Cir-
cuit Judges, and PECK, Senior Circuit
Judge.

GEORGE CLIFTON EDWARDS, Jr.,
Circuit Judge.

This case comes to this court under its
diversity jurisdiction and it involves ques-
tions of Tennessee tort law.

Christine Ann Wilson, a minor, filed suit
through her mother against her adoptive
father, Richard L. Wilson. As summarized
in the final pretrial order, the suit alleges
assaults which occurred between the ages
of 8 and 11 years old and included sexual
advances on the part of the adoptive father
upon the girl. The language of the com-
plaint includes the following:

Richard L. Wilson on a number of differ-
ent occasions did commit an unlawful
assault and battery upon the person of
Christine Ann Wilson.

Further, in the damage paragraph, the
complaint alleged that damages were due
for "outrageous ... and intentional acts."
The final pretrial order also asserts "illegal
sex acts" occurred.

The pleadings, which are controlling in
this matter at this stage, state as follows:

6. While Christine Ann Wilson was
between the ages of eight and eleven,
Richard L. Wilson on a number of differ-
ent occasions did commit an unlawful
assault and battery upon the person of
Christine Ann Wilson. Said actions of
Richard L. Wilson are outrageous and
malicious and Christine Ann Wilson is
entitled to damages from Richard Wilson
both compensatory and punitive.

\*　　\*　　\*　　\*　　\*　　\*

9. The actions of Richard L. Wilson
as set out in *Paragraph 6* of this Com-
plaint are outrageous and malicious and
constitute the negligent and intentional
infliction of emotional distress by Rich-
ard L. Wilson upon Christine Ann Wil-
son, for which Christine Ann Wilson is

entitled to compensatory and punitive damages.

First, it should be noted that, at this point, Christine Ann Wilson is now over 18 years of age and could maintain this action in her own right if the action were filed at the present time. *Logan v. Reaves,* 209 Tenn. 631, 354 S.W.2d 789 (1962). On the appeal as presented, however, Christine Ann Wilson is a minor child.

Therefore, we turn to the legal issue presented on this appeal. This case was dismissed by the District Court on defendant's motion for summary judgment. The District Court granted the adoptive stepfather's motion for summary judgment on the ground that any suit filed by an unemancipated child for injuries inflicted by a parent was barred by the ostensibly absolute nature of Tennessee's parental immunity doctrine. We disagree.

The leading case on this doctrine is *McKelvey v. McKelvey,* 111 Tenn. 388, 389–91, 77 S.W. 664 (1903). In *McKelvey,* the Supreme Court of Tennessee said:

> At common law the right of the father to the control and custody of his infant child grew out of the corresponding duty on his part to maintain, protect, and educate it. *These rights could only be forfeited by gross misconduct on his part.* The right to control involved the subordinate right to restrain and inflict moderate chastisement upon the child.

111 Tenn. at 389–90, 77 S.W. 664 (emphasis added).

The Tennessee Supreme Court elaborated on *McKelvey* and the parental immunity doctrine in *Brown v. Selby,* 206 Tenn. 71, 332 S.W.2d 166 (1960), stating:

> The common law personal immunity rule which protects a father from a tort action by his minor child is based *solely* upon the public policy of preserving domestic peace and tranquility in the family. The idea is, as expressed in *McKelvey v. McKelvey,* 111 Tenn. 388, 390, 77 S.W. 664, 64 L.R.A. 991:
>
> > "The peace of society, and of the families composing society, and of a sound public policy *designated* to subserve the repose of families and the best interest of society, forbid"
>
> such tort action.

206 Tenn. at 77–78, 332 S.W.2d at 169 (emphasis added).

■ As the state supreme court concluded in *Brown v. Selby,* the common law parental immunity rule holds only insofar as it subserves "the domestic peace and tranquility of the family," and "[w]here the reason fails the rule should not apply." *Brown v. Selby,* 206 Tenn. at 78, 332 S.W.2d at 169.

■ The basic question in this case is whether the father's rights were forfeited by his conduct toward the minor child. As stated in the *McKelvey* case, "these rights could only be forfeited by gross misconduct on his part." Appellant claims by brief that, at pretrial, she clearly indicated what was alleged was sexual assault by the stepfather upon her as a minor child. Such an act of gross misconduct would be so destructive of a family's parental relations as to eliminate the above-referenced public policy behind the parental immunity rule, and fully warrant this court's reversal and remand for trial.

We now remand this case to the District Court for further proceedings. If within 20 days after the effective date of the remand, plaintiff files an amended complaint alleging that she was sexually assaulted by defendant in a manner which would constitute a felony under Tennessee law, the case should proceed to trial. The same result would also follow from the filing of an amended pleading alleging other specific sexual acts which, if true, would constitute the commission of a felony upon a minor child under Tennessee law. In the absence of such amendment, the District Judge may, within his discretion, again dismiss the complaint.