## Helen PENNINGTON, Plaintiff–Respondent,

v.

## Ronald J. SOLOVIC, Defendant–Appellant.

### No. 63192.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 14, 1993.

Andrew D. Sanroni, St. Louis, for defendant-appellant.

Bruntrager & Billings, P.C., Daniel J. Bruntrager, St. Louis, for plaintiff-respondent.

KAROHL, Judge.

Defendant appeals summary judgment awarding $70,400 in damages stemming from a breach of contract action. Defendant prepared two contracts by which plaintiff loaned him $11,000 and he was to pay interest on the funds. Defendant argued summary judgment was improper because factual disputes still existed concerning the purpose of the contracts and the measure of damages. We find no merit in these arguments. Affirmed.

■ This is an appeal from a summary judgment. We allow a summary judgment to stand if no factual issue exists which requires a trial. We review the judgment in the light most favorable to the party against whom it was entered. *ITT Commercial Finance v. Mid–Am. Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993). Additionally, we will give that party the benefit of all reasonable inferences when reading the record. *Id.* Our review will be essentially de novo, as the appropriateness of a summary judgment is an issue of law. *Id.*

Plaintiff, Helen Pennington, entered into two contracts with defendant, Ronald J. Solovic, dated July 15, 1983 and August 12, 1983. Plaintiff advanced defendant a total of $11,000. Defendant agreed to pay plaintiff interest. Defendant prepared and signed both documents.

The money advanced to defendant was, according to the contracts, to be used to purchase coal. However, there is some suggestion from the very high rate of interest that the transactions were part of a "pyramid scheme." Some mention of a "pyramid scheme" is also made in appellant's brief. Plaintiff and defendant began participating when defendant's profits were deteriorating. However, neither party argued this issue or questioned the legality of the interest on appeal. The record is insufficient for us to reach any conclusions on the existence of a "pyramid scheme."

The contracts provided two specific methods for calculating the interest due plaintiff. Defendant agreed to pay either five percent per month interest or six percent per month yearly compound interest, both to begin accruing no later than 45 days from the contracts' dates. Defendant had the right to choose which of the two methods would be used.

Defendant paid the September 1983 interest payments to plaintiff. However, he made no further interest payments nor did he return plaintiff's principal of $11,000.

While the interest for which the parties contracted may appear exceptionally high, as noted, defendant did not allege usury or illegality as an affirmative defense. Perhaps this occurred because the defendant prepared the contracts. Accordingly, there is no issue of usury before us.

Plaintiff filed a breach of contract suit September 5, 1990. Defendant admitted the terms of the contracts. He admitted plaintiff performed all that was contractually required of her. He admitted he violated the contracts by not returning plaintiff's principal of $11,000 upon written demand. He admitted he paid plaintiff no interest after October 15, 1983.

Both plaintiff and defendant filed motions for summary judgment. On November 4, 1992, the trial judge granted plaintiff's motion concluding plaintiff was entitled to summary judgment as a matter of law. The court calculated damages at $70,400 plus court costs. Defendant filed a timely appeal.

■ In defendant's first point on appeal, he states "THAT THE LOWER COURT ERRED IN GRANTING A SUMMARY JUDGMENT BECAUSE GENUINE ISSUES OF MATERIAL FACT EXIST, (sic) AS TO THE PURPOSE OF THE CONTRACT."[1] The purpose of the contracts is quite clear from their face. They are loans of funds from plaintiff to defendant. The contracts state plaintiff was "advancing funds" to defendant. An accepted definition of "advance" is to supply or furnish money in the expectation of repayment. WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 58 (1988). When one contractually delivers a specific sum of money to another, and for the use of that money is obligated to return an equivalent sum with or without interest, the exchange is a loan. *First Nat. Bank of Clayton v. Frisco Park Realty Co.,* 510 S.W.2d 59, 62 (Mo.App.1974). Furthermore, the purpose for entering into the agreements is irrelevant on the issue of repayment where illegality is not an issue.

Defendant admitted the contracts' terms. He both prepared and signed the contracts. He admitted plaintiff performed all she was required to do according to the contracts. He admitted he owed plaintiff her principal of $11,000 and that he has paid her no interest since October of 1983. Therefore, the only matter before the court is the calculation of damages.

Defendant's second point on appeal states "THAT THE LOWER COURT ERRED IN GRANTING SUMMARY JUDGMENT BECAUSE A GENUINE ISSUE OF MATERIAL [FACT] EXIST[S] AS TO THE PROPER MEASURE OF DAMAGES." The contracts provided two very specific methods for calculating interest. Therefore, the contracts provide the unambiguous essential terms by which the interest should be calculated.

■ The trial court chose to use the first, and for defendant the least expensive, method and calculated interest at five percent monthly for 108 months, or $59,400. To this, the court added plaintiff's principal of $11,000 for total damages of $70,400 plus court costs. We find the damage award was simply a matter of mathematical calculation on an undisputed principal.

We affirm.

CRANE, P.J., and CRAHAN, J., concur.

---

1. Appellant would benefit from rereading Rule 84.04.