JANE DOE AND SALLY DOE, BY AND THROUGH THEIR GUARDIAN AD LITEM, ANNE CONNOLLY v. FRANK HOLT

No. 9021SC1013

(Filed 16 July 1991)

**Parent and Child § 2.1 (NCI3d)— sexual assaults—parental immunity doctrine inapplicable**

The parental immunity doctrine did not bar actions by two minor girls against their father for willfully assaulting, abusing, molesting and raping them.

**Am Jur 2d, Parent and Child § 10.**

**Liability of parent or person in loco parentis for personal tort against minor child. 19 ALR2d 423.**

APPEAL by plaintiffs from order entered 27 August 1990, *nunc pro tunc* 9 August 1990, by *Judge Russell G. Walker, Jr.* in FORSYTH County Superior Court. Heard in the Court of Appeals 11 April 1991.

*Theodore M. Molitoris for plaintiff appellants.*

*No brief filed for defendant appellee.*

DOE v. HOLT

[103 N.C. App. 516 (1991)]

PHILLIPS, Judge.

Defendant is the father of the minor plaintiffs, whose action against him for willfully assaulting, abusing, molesting and raping them was dismissed under the provisions of Rule 12(b)(6), N.C. Rules of Civil Procedure, on the ground that the action is barred by the parental immunity doctrine. According to the complaint: The alleged abuses, molestations and rapings occurred beginning in 1980, when the appellants were five and six years old, and continued until 1989, when they were fourteen and fifteen; defendant's acts constituted incest in violation of G.S. 14-178, second degree rape in violation of G.S. 14-27.3, and second degree sexual offense in violation of G.S. 14-27.5, and caused plaintiffs to suffer permanent physical, emotional and mental injuries. Accepting the facts alleged as admitted for the purpose of ruling on the motion, *Stanback v. Stanback*, 297 N.C. 181, 254 S.E.2d 611 (1979), we hold that the action is not barred by the parental immunity doctrine.

Our Supreme Court adopted the parental immunity doctrine in *Small v. Morrison*, 185 N.C. 577, 118 S.E. 12 (1923), where a child sued her father for negligently causing a motor vehicle accident in which she was injured. The doctrine was adopted, so the majority opinion states, because the home is the foundation of our society and suits by children against their parents would impede the management of the home and disrupt the family relationship. Though some jurisdictions have applied the immunity to criminal as well as negligent acts, neither of our Courts has as yet done so and the indications have been that they would not. In another action based upon a parent's negligent operation of a motor vehicle the Court upheld the doctrine, but noted that some courts have held that the immunity does not apply to "[o]utrageous conduct on the part of the parent which invades the child's rights and brings discord into the family," and that "[w]illful and intentional injury of the child has been held to terminate the parent-child relation and thus avoid application of the parental immunity rule." *Skinner v. Whitley*, 281 N.C. 476, 481, 189 S.E.2d 230, 233 (1972) (citations omitted). In *Lee v. Mowett Sales Co., Inc.*, 316 N.C. 489, 492, 342 S.E.2d 882, 884 (1986), another case based on negligence, the Court in *dicta*, citing 3 R. Lee, *N.C. Family Law* Sec. 248 (4th ed. 1981), stated that the parental immunity doctrine "does not apply to . . . actions by an unemancipated minor involving willful and malicious acts."

The proper limits of the doctrine are stated, we believe, in *Wilson v. Wilson*, 742 F.2d 1004, 1005 (6th Cir. 1984), and they do not extend to the acts of this defendant. The case involved sexual assaults on the child similar to those alleged here, about which the Court said: The "common law parental immunity rule holds only insofar as it subserves the domestic peace and tranquility of the family, and where the reason fails the rule should not apply"; that the father's sexual assaults were so destructive of the family relationship as "to eliminate the . . . public policy behind the parental immunity rule." *Id.* The law abhors absurdities; defendant having destroyed the family relationship by maliciously defiling his helpless children, it would be absurd and unjust to call to his aid a doctrine devised to preserve family unity and harmony.

Reversed.

Judges PARKER and GREENE concur.